**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert McDonald, | ) | No. CV-09-00781-PHX-JAT |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **CLASS CERTIFICATION** |
| vs. | ) | |
| | ) | |
| Corrections Corporation of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff Robert McDonald ("McDonald") has filed a motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure, and to stay proceedings in this case pending the determination of whether this matter can proceed as a class action.[1] (Doc. # 54.) Defendant Corrections Corporation of America ("CCA") opposes the motion. (Doc. # 57). The Court is now prepared to rule on the motion.[2]

---

[1] McDonald appears to move the Court to grant his motion to amend the motion to certify a class and stay proceedings in this matter. Accordingly, the Court grants McDonald's motion to amend and will address the merits of the motion to certify a class and stay proceedings in this Order.

[2] Even though oral argument was requested on this non-dispositive motion, the Court will not set oral argument, because both the parties submitted memoranda discussing the law and evidence in support of their positions, and oral argument would not have aided the Court's decisional process. *See e.g.*, *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998);

I.      **Background**

In September 2008, McDonald filed his original complaint in the Superior Court for Pinal County alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 ("ADA"), and defamation in connection with the termination of his employment as a correctional officer at the Florence Correctional Center in Florence, Arizona.[3]  (Doc. # 1-1 at Ex. A.)  On or about December 11, 2008, McDonald filed a First Amended Complaint.  (Doc. # 1-1 at Ex. B.)  On April 16, 2009, CCA removed this action to the U.S. District Court for the District of Arizona.  (Doc. # 1.)  Pursuant to the Court's Rule 16 Scheduling Order, the discovery deadline was April 16, 2010.  (Doc. # 14.)  On May 14, 2010, CCA filed a Motion for Summary Judgment.  (Doc. # 42.)  Five days after the Motion for Summary Judgment was fully-briefed, McDonald filed a motion for class certification.  (Doc. # 53.)  Shortly thereafter, McDonald filed the pending motion: First Amended Combined Motion to Request a Hearing/Petition for Class Certification/Motion to Stay Proceedings.  (Doc. # 54.)

The parties dispute whether McDonald was terminated due to his cognitive disability in violation of the ADA (Doc. # 62 at p. 3), or due to his failure to adhere to Post Order 28 and CCA's Code of Conduct (Doc. # 57 at p. 2–3).  Accordingly, CCA maintains that McDonald is unable to state a claim for disability discrimination or retaliation.  (*Id.* at p. 4.)  The parties also dispute whether McDonald's status as a protected individual under the ADA is a primary issue in this litigation.  (*Id.*)

McDonald's proposed class action arises under the ADA.  McDonald alleges that due to recently enacted changes in the ADA, the Court may efficiently adjudicate the application of the ADA, as amended, to "potential class members with the same or similar impairment

---

*Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

[3]   The parties stipulated to the dismissal, with prejudice, of Count One (Title VII/ACRA) of McDonald's First Amended Complaint.  (Doc. # 40.)

as [McDonald] suffer[ing] an adverse employment action by CCA in violation of . . . the ADA." (Doc. # 54-1 at p. 6.) McDonald states that the proposed class will seek economic compensation for lost earnings. (*Id.* at p. 14.) CCA argues that the motion for class action certification is a delay tactic, because this matter has been pending for two years, discovery is closed, a motion for summary judgment is fully-briefed, and McDonald allegedly failed to present any evidence of disability discrimination.

## II.    Legal Standards

Rule 23 of the Federal Rules of Civil Procedure gives this Court broad discretion to determine whether a class should be certified. *Dukes v. Wal-mart, Inc.*, 509 F.3d 1168, 1176 (9th Cir. 2007). However, the Court should certify a class only after a rigorous analysis of the Rule 23 requirements. *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 961 (9th Cir. 2005) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). The party seeking class certification bears the burden of showing that each of Rule 23(a)'s requirements and at least one of Rule 23(b)'s requirements has been met. *Dukes*, 509 F.3d at 1176.

Rule 23 has two implicit prerequisites that Plaintiff must satisfy for the Court to grant certification. *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 490 (S.D. Ill. 1999); *Singleton v. Adick*, 2009 WL 3710717, slip op. at *2 (D. Ariz. Nov. 2, 2009). First, in order to maintain a class action, the class must be adequately defined and clearly ascertainable. *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970); *see also Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 730 (9th Cir. 2007) ("The district court's failure to analyze the Rule 23(a) factors in determining whether to grant class certification . . . resulted in its certifying a theory with no definable class."). The class cannot be overbroad, amorphous or vague, but must be susceptible to a precise definition. *Clay*, 188 F.R.D. at 490. A class must be precisely defined so the Court can determine whom will be bound by the judgment. *See McHan v. Grandbouche*, 99 F.R.D. 260, 265 (D. Kan. 1983).

Second, the named representative must be a member of the class. *Bailey v. Patterson*, 369 U.S. 31, 32–33 (1962). The Ninth Circuit dovetails the class membership prerequisite with the typicality requirement of Rule 23(a). "Typicality requires that the named plaintiffs

1   be members of the class they represent." *Dukes*, 509 F.3d at 1184.

2       A plaintiff seeking class certification must also prove that his proposed classes and

3   subclasses meet the following four requirements of Rule 23(a):

4       (1) the class is so numerous that joinder of all members is impracticable; (2)
    there are questions of law and fact common to the class; (3) the claims or
5   defenses of the representative parties are typical of the claims or defenses of
    the class; and (4) the representative parties will fairly and adequately protect
6   the interests of the class.

7   *Dukes*, 509 F.3d at 1176 (quoting FED.R.CIV.P. 23(a)).  Finally, a plaintiff must prove that

8   at least one of the following Rule 23(b) requirements is met:

9       (1) the prosecution of separate actions would create a risk of : (a) inconsistent
    or varying adjudications or (b) individual adjudications dispositive of the
10  interests of other members not a party to those adjudications; (2) the party
    opposing the class has acted or refused to act on grounds generally applicable
11  to the class; or (3) the questions of law or fact common to the members of the
    class predominate over any questions affecting only individual members, and
12  a class action is superior to other available methods for the fair and efficient
    adjudication of the controversy.
13
    *Id.* (citing FED.R.CIV.P. 23(b)).
14
**III.**    **Analysis of McDonald's Motion to Certify a Class**
15
    McDonald's proposed class for certification includes:
16
    All individuals employed by Corrections Corporation of America at any time
17  since July 1, 2007, who have been or may be subjected to termination,
    discipline, or reprimand, resulting from CCA's failure to comply with the
18  ADA.

19  (Doc. # 54-1 at p. 10.)

20      *A.*    *Implicit Prerequisites*

21          1.    Adequately Defined and Clearly Ascertainable

22      As an initial matter, the Court does not find that McDonald's proposed class is

23  adequately defined and clearly ascertainable.  As CCA points out, McDonald's proposed

24  class is "imprecise, overbroad and unascertainable."  (Doc. # 57 at p. 6.)  McDonald was a

25  correctional officer at the Florence Correctional Center in Florence, Arizona.  However,

26  McDonald's proposed class certification has no geographical boundaries, and CCA operates

27  more than 60 facilities in 19 states (*id.* at 7).  McDonald's proposed class members each

28  worked in Arizona facilities (Doc. # 62 at 6), but this potential geographic limitation is not

contained in the proposed class definition and McDonald relies upon the lack of geographic limitation in his argument in support of sufficient numerosity.

The proposed class definition also does not specify whether class members include all CCA employees, or only those employees similarly situated to McDonald in terms of position (correctional officer) and facility (Florence Correctional Center).   Again, McDonald's proposed class members do not support such limitations. *See e.g.*, proposed class member, Ms. Ruby Erkinnen, who was a computer instructor and mail room employee at an unknown CCA facility prior to her termination (Doc. # 54-1 at p. 3).

Finally, McDonald's class definition includes employees who "may be subjected to termination, discipline, or reprimand."  This proposed class is not susceptible to a precise definition. *See Clay*, 188 F.R.D. at 490; *McHan v. Grandbouche*, 99 F.R.D. at 265.  It is not administratively feasible for the Court to determine whether a particular employee of CCA is a member of the proposed class, because the criteria "may be subjected to" is not objective. Employees who "may be subjected to termination, discipline or reprimand" have not yet suffered an injury.  Accordingly, this definition is overly broad, because it includes individuals who are without standing to maintain an action on their own behalf. Nevertheless, even if the Court were to utilize its broad discretionary powers and attempt to redefine the membership of the proposed class, such efforts would be futile because the plaintiffs have not met the requirements of Rule 23.

2.       Named Representative Falls Within Proposed Class

As stated above, the Ninth Circuit dovetails the class membership prerequisite with the typicality requirement of Rule 23(a).  *See Dukes*, 509 F.3d at 1184.  As an initial observation, the Court notes that McDonald may not, in fact, be a member of his own proposed class, if CCA's allegations are true that McDonald's employment was terminated due to violations of Post Order 28 and CCA's Code of Conduct, and not due to his medical condition or in retaliation for any complaints of discrimination (Doc. # 57 at p. 3).  The pending Motion for Summary Judgment purports to resolve this very issue.

1

*B.      Numerosity*

2      The focus of the numerosity inquiry is whether joinder of all potential plaintiffs would

3 be impracticable. FED.R.CIV.P. 23(a)(1).  Numerosity requires examination of the facts of

4 each case and does not impose any absolute limitation. *Gen. Tel. Co. of the Nw., Inc. v.*

5 *Equal Employment Opportunity Comm'n*, 446 U.S. 318, 330 (1980).  While no absolute

6 limits exist, the Supreme Court has suggested that a class of fifteen members is too small to

7 meet the numerosity requirement. *Harik v. Cal. Teachers Ass'n*, 326 F.3d 1042, 1051 (9th

8 Cir. 2003) (citing *Gen. Tel.*, 446 U.S. at 330).

9      McDonald argues that the proposed class meets the numerosity requirement, because

10 joinder of each potential class member's claim would produce an inefficient and overly

11 burdensome vehicle for litigation as each claim of the currently identified class members is

12 at a different stage of litigation.  (Doc. # 54-1 p. 11.)  McDonald's motion describes four

13 potential class members, including McDonald, and proposes that by "simple mathematical

14 extrapolation," 0.2% of CCA's current employees fall within McDonald's proposed class

15 definition.[4]  (Doc. # 62 at p. 9.)  CCA responds that McDonald's proposed class is not

16 sufficiently numerous to satisfy the numerosity requirement.

17      The Court agrees with CCA.  McDonald has identified "at least three additional . . .

18 and perhaps five other Arizona CCA employees" as members of the proposed class.  (Doc.

19 # 54-1 at p.2.)  McDonald's mathematical extrapolation that 0.2% of all employees of CCA

20 in all geographic regions fit within the proposed class definition is insufficient to establish

21 numerosity.  *See Celano v. Marriot Inter., Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007)

22 ("Beyond the speculative data, plaintiffs can only point to a handful of individuals who

23 would be class members.").  The Court does not expect or require McDonald to show the

24 number of potential class members with certainty; however, the Court does expect that any

25 common sense inferences (or mathematical extrapolations) that McDonald urges the Court

26

27      [4]  McDonald requests the Court order additional discovery to permit McDonald to

28 discover additional class action plaintiffs.  The Court denies this request.

1    to make are based on something other than rank speculation untethered to real facts. *See id.*

2    at 550.

3            Finally, McDonald has not even provided evidence that his three proposed class

4    members have been polled and confirmed their interest in joining the class. As CCA points

5    out, at least one of these proposed class members is currently represented by other counsel

6    and may not even consent to joining a class action (Doc. # 57 at p. 9 n.6). Accordingly, it

7    would not be impracticable to join any interested proposed class members in suit.

8            *C.    Commonality*

9            Rule 23(a)(2) requires that "there are questions of law or fact common to the class."

10   FED.R.CIV.P. 23(a)(2). Commonality focuses on the relationship of common facts and legal

11   issues among class members. *Dukes*, 509 F.3d at 1177 (citing 1 HERBERT B. NEWBERG &

12   ALBA CONTE, NEWBERG ON CLASS ACTIONS § 3:10 at 271 (4th ed. 2002)). The Ninth Circuit

13   has noted:

14           Rule 23(a)(2) has been construed permissively. All questions of fact and law
             need not be common to satisfy the rule. The existence of shared legal issues
15           with divergent factual predicates is sufficient, as is a common core of salient
             facts coupled with disparate legal remedies within the class.
16
17   *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). The commonality test is

18   qualitative rather than quantitative—one significant issue common to the class may be

19   sufficient to warrant certification. *Dukes*, 509 F.3d at 1177 (citing *Savino v. Computer

20   Credit, Inc.*, 173 F.R.D. 346, 352 (E.D.N.Y. 1997), *aff'd*, 164 F.3d 81 (2d Cir. 1998)).

21           McDonald argues that in each proposed case, CCA was aware of the employee's

22   individual condition and that the employees were entitled to accommodation under the ADA,

23   but CCA failed to comply with the ADA and terminated the employees. The Court finds this

24   satisfies the commonality requirement of Rule 23(a)(2), because McDonald has proposed one

25   significant issue common to the class—whether CCA's alleged failure to comply with the

26   ADA resulted in adverse action taken against class members.

27           *D.    Typicality*

28           Rule 23(a)(3) requires that "the claims or defenses of the representative parties be

1  typical of the claims or defenses of the class." FED.R.CIV.P. 23(a)(3). The Ninth Circuit has

2  stated that "[u]nder the rule's permissive standards, representative claims are 'typical' if they

3  are reasonably coextensive with those of absent class members; they need not be

4  substantially identical." *Hanlon*, 150 F.3d at 1020; *see also Dukes*, 509 F.3d at 1184. Some

5  degree of individuality is to be expected in all cases, but that specificity does not necessarily

6  defeat typicality. *See Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). The Court

7  must consider whether the injury allegedly suffered by the named class members and the rest

8  of the class resulted from the same allegedly discriminatory practice. *Dukes*, 509 F.3d at

9  1184.

10         The Court finds that McDonald has failed to satisfy the typicality requirement. As

11  CCA points out, class certification in this instance is inappropriate because McDonald is

12  "subject to unique defenses which threaten to become the focus of the litigation." *Hanon v.

13  Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing several cases for this

14  proposition). CCA argues that McDonald cannot assert a claim under the ADA on his own

15  behalf, and, therefore, cannot represent the class in an action alleging violations of the ADA.

16  It is CCA's position in this matter that McDonald violated CCA's policies and procedures

17  and this violation resulted in McDonald's termination, and that McDonald's termination is

18  unrelated to any ADA violations. CCA has also presented a defense to McDonald's claim

19  for post-termination defamation. These issues certainly undermine the typicality requirement

20  in Rule 23(a)(3). Further, injuries allegedly sustained by the proposed four class members

21  are not typical among themselves. Not all of the proposed class members held the same

22  position, alleged the same disability, and suffered the same allegedly discriminatory conduct.

23  Accordingly, the typicality required to sustain a class action is absent.

24         *E.     Adequacy*

25         Rule 23(a)(4) permits certification of a class action only if "the representative parties

26  will fairly and adequately protect the interests of the class." FED.R.CIV.P. 23(a)(4). This

27  factor requires: (1) that the proposed representative class members do not have conflicts of

28  interest with the proposed class; and (2) that the proposed representative class members are

represented by qualified and competent counsel.  *See Dukes*, 509 F.3d at 1185; *Hanlon*, 150 F.3d at 1020.  McDonald states that he is not aware of any conflicts of interest between himself, the other class members and the potential class members, and that McDonald's counsel is sufficiently prepared and adequately experienced.  (Doc. # 54-1 at p. 13; Doc. # 62 at p. 12.)

The Court can find no discernable conflicts of interest that exist between the proposed class representatives and the absent class members.  However, with respect to the second factor, McDonald's counsel has offered no evidence in support of her qualifications.  More importantly, McDonald's counsel does not represent the three other proposed class members, and counsel has not offered any evidence to indicate that she has contacted these proposed class members about joining a class action.  Accordingly, McDonald and his counsel have failed to demonstrate that they can adequately represent the interests of the class.

The proposed class does not satisfy the requirements of Rule 23(a), particularly the "numerosity" requirement of Rule 23(a)(1), the "typicality" requirement of Rule 23(a)(3), and the "adequacy" requirement of Rule 23(a)(4).  Additionally, the Court has concluded that the proposed class does not satisfy the implicit prerequisites that the class must be adequately defined and clearly ascertainable, and that the named representative, McDonald, falls within the proposed class.

*F.     Rule 23(b) Requirements*

Because the Rule 23(a) requirements have not been satisfied, the Court refrains from addressing the specific requirements of Rule 23(b).  The Court notes, however, that CCA identifies a number of issues that might cause the Court to disagree with McDonald's argument that the common questions "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  FED.R.CIV.P. 23(b)(3).  CCA identifies affirmative defenses that would require individualized inquiries into each  class member's claims.  Also, it is not clear that the class action procedure is "superior" to individual litigation due to the case-by-case inquiries required to support each proposed member's place

1    in the class action.

2         Further, the Court is not convinced that prosecuting separate actions by individual

3    class members would create a risk of inconsistent adjudications establishing incompatible

4    standards of conduct for the party opposing the class. FED.R.CIV.P. 23(b)(1)(A). The Ninth

5    Circuit has held that certification under Rule 23(b)(1)(A) is not appropriate in an action for

6    damages. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1193 (9th Cir. 2001).

7    McDonald seeks only monetary damages; therefore, based on precedent, class certification

8    under Rule 23(b)(1)(A) is inappropriate.

9         For the foregoing reasons, McDonald's motion to certify a class is denied.

10   Accordingly,

11        **IT IS ORDERED** that Plaintiff Robert McDonald's Proposed First Amended

12   Combined Motion to Request a Hearing / Petition for Class Action Certification / Motion to

13   Stay Proceedings (Doc. # 54) is DENIED in its entirety.

14        DATED this 4th day of November, 2010.

15

16

17   _____

18                James A. Teilborg
                  United States District Judge

19

20

21

22

23

24

25

26

27

28